# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAJJAD REZAEI,<br><br>      Plaintiff,<br>  v.<br><br>MERRICK GARLAND, *et al.*,<br><br>      Defendants. | Civil Action No. 23-1645 (CKK) |

## MEMORANDUM OPINION
(August 16, 2023)

On June 7, 2023, Plaintiff Sajjad Rezaei filed a [1] Complaint seeking a judgment compelling United States Attorney General Merrick Garland, Secretary of State Antony J. Blinken, Assistant Secretary for Consular Affairs Rena Bitter, Secretary of Homeland Security Alejandro Mayorkas, and Consul General, U.S. Consulate, Melbourne, Kathleen Lively (together, "Defendants"), to render a decision on his F-1 nonimmigrant student visa application, pursuant to the Administrative Procedure Act's ("APA") bar on "unreasonabl[e] delay." 5 U.S.C. § 706(1). The Court then issued an order stating that the matter was before the Court on *sua sponte* review of Plaintiff's [1] Complaint ("Compl."). *See* Minute Order, July 10, 2023. The Court ordered Plaintiff to show cause on or before July 28, 2023 why Plaintiff's Complaint should not be dismissed *sua sponte* for failure to state a claim. *Id.* After requesting and receiving an extension of time, Plaintiff then filed the [10] Response to Order to Show Cause ("Pl.'s Resp."). Upon review of the Plaintiff's [1] Complaint, [10] Response, the relevant legal authority, and the record as a whole, the Court shall *sua sponte* **DISMISS** Plaintiff's [1] Complaint in its entirety.

1

## I. BACKGROUND

Plaintiff Sajjad Rezaei is a citizen of Iran who resides in Sydney, Australia, where he is pursuing his education. Compl. ¶ 56. He was accepted to Iowa State University to pursue a PhD in Kinesiology and Exercise Science and was set to begin classes in fall 2022. *Id.* ¶¶ 57–58. Plaintiff submitted a DS-160 on March 10, 2022 and attended an interview at the U.S. Consulate on June 22, 2022. *Id.* ¶¶ 60–61. At the end of the interview, Plaintiff was given a letter informing him that he was "found ineligible for a nonimmigrant visa under Section 221(g) of the United States Immigration and Nationality Act" as he was subject to "administrative processing." *Id.* ¶ 63. Plaintiff provided the requested supplemental information that same day. *Id.* ¶ 66. Since then, Plaintiff's visa application has remained in administrative processing. *Id.* ¶ 67. On March 24, 2023, Defendants requested additional information and documentation, which Plaintiff promptly sent. *Id.* ¶ 72. As a result of this delay, Plaintiff has had to deter his admission to Iowa State University twice; he is current set to begin fall 2023. *Id.* ¶¶ 76–77.

Plaintiff Rezaei filed this action in June 2023. *See generally id.* Plaintiff argues that Defendants' delay in adjudication is unreasonable under the Administrative Procedure Act. *Id.* ¶¶ 114, 134–35 (citing 5 U.S.C. §§ 555(b), 706(2)).

## II. LEGAL STANDARD

"Ordinarily, the sufficiency of a complaint is tested by a motion brought under Rule 12(b)(6), which tests whether a plaintiff has properly stated a claim" upon which relief can be granted. *Bauer v. Marmara*, 942 F. Supp. 2d 31, 37 (D.D.C. 2013) (RC). However, it is well settled in this Circuit that a court may dismiss a complaint *sua sponte* pursuant to Rule 12(b)(6) where it is "patently obvious" that the plaintiff cannot prevail on the facts alleged in the

Case 1:23-cv-01645-CKK   Document 12   Filed 08/16/23   Page 3 of 10

complaint.  *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726–27 (D.C. Cir. 1990) (per curiam).

Pursuant to Rule 12(b)(6), a party may move to dismiss a complaint on grounds that it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A complaint is not sufficient if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[T]he Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Nat'l Postal Prof'l Nurses v. U.S. Postal Serv.*, 461 F. Supp. 2d 24, 27 (D.D.C. 2006) (PLF).

### III.  DISCUSSION

Plaintiff argues that Defendants' delay in adjudication is unreasonable under the Administrative Procedure Act.  Compl. ¶¶ 114, 134–35 (citing 5 U.S.C. §§ 555(b), 706(2)).  Although a court may order an agency "to perform a [mandatory] act, [i.e.,] to take action upon a matter," a court may not decide "how [the agency] shall act." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 62 (2004).

To determine whether a plaintiff has sufficiently alleged that agency action has been "unreasonably delayed," courts apply the familiar "*TRAC*" factors laid out in *Telecommunications Research & Action Center v. FCC* ("*TRAC*"), 750 F.2d 70, 80 (D.C. Cir. 1984):

    (1)  the time agencies take to make decisions must be governed by a rule of reason;

(2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

(5) the court should also take into account the nature and extent of the interests prejudiced by delay; and

(6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*In re United Mine Workers of Am. Int'l Union*, 190 F.3d 545, 549 (D.C. Cir. 1999) (quoting *TRAC*, 750 F.2d at 80) (internal quotation marks omitted); *see also Skalka v. Kelly*, 246 F. Supp. 3d 147, 152 (D.D.C. 2017) (RJL) (applying *TRAC* factors to claim for mandamus relief).  Whether a delay is unreasonable "cannot be decided in the abstract, by reference to some number of months or years beyond which agency inaction is presumed to be unlawful, but will depend in large part… upon the complexity of the task at hand, the significance (and permanence) of the outcome, and the resources available to the agency." *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1102 (D.C. Cir. 2003).  The Court now considers the various factors in turn.

    A.  *TRAC* Factors One and Two

The United States Court of Appeals for the District of Columbia Circuit has explained that the first *TRAC* factor—the time agencies take to make decisions must be governed by a "rule of reason"—is the "most important," although it is generally reviewed with the second *TRAC* factor as well.  *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008).  The inquiry centers on "whether the agency's response time… is governed by an identifiable rationale." *Ctr. for Sci. in the Pub. Interest v. FDA*, 74 F. Supp. 3d 295, 300 (D.D.C. 2014) (JEB).  Because Congress has

4

provided no statutory timeframe indicating how quickly it requires the State Department to adjudicate and re-adjudicate visa applications, *TRAC* factor two is inapplicable. "To the contrary, Congress has given the agencies wide discretion in the area of immigration processing." *Skalka*, 246 F. Supp. at 153–54 (noting that a two-year delay in processing an immigration visa "does not typically require judicial intervention").

In general, courts in this jurisdiction have regularly found that the Government applies a "rule of reason" to the review of visa petitions by adjudicating applications in the order they were filed. *See, e.g., Muvvala v. Wolf*, No. 20-02423 (CJN), 2020 WL 5748104, at *3 (D.D.C. Sept. 25, 2020) ("Other federal courts have held that this first-in, first-out method of adjudication constitutes a 'rule of reason' and satisfies the first TRAC factor."). Courts in this jurisdiction often look to the length of delay as a rough yardstick to determine whether that "first-in, first-out" rule is, in fact, being applied.

Plaintiff Rezaei had his interview in June 2022 and, since then, his application has remained in administrative processing. Compl. ¶¶ 61-67. Plaintiff argues that this delay — of what is now approximately thirteen months — is unreasonable.

However, courts in this jurisdiction routinely find that delays of numerous *years* are not unreasonable. *See, e.g.*, *Zaman v. U.S. Dep't of Homeland Sec.*, No. 19-3592 (ABJ), 2021 WL 5356284, at *6 (D.D.C. Nov. 16, 2021) (finding that a delay of forty-two months was "insufficient to warrant emergency relief in this district"); *Pourshakouri v. Pompeo*, No. 20-0402 (RJL), 2021 WL 3552199, at *8–9 (D.D.C. Aug. 11, 2021) (finding delay of forty-four months not unreasonable); *Varghese v. Blinken*, No. 21-2597 (CRC), 2022 WL 3016741, at *5 (D.D.C. July 29, 2022) (finding delay of "around four years" does "not warrant judicial intervention, standing alone"); *Arab v. Blinken*, No. 21-1852 (BAH), 2022 WL 1184551, at *8 (D.D.C. Apr. 21, 2022)

(ruling that a thirty-month delay was not unreasonable); *see also Yavari v. Pompeo*, No. 2:19-cv-02524, 2019 WL 6720995, at *8 (C.D. Cal. Oct. 10, 2019) ("District courts have generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable."). Courts in this jurisdiction have also found longer delays in F-1 visa applications, specifically, to not be unreasonable. *See, e.g.*, *Shen v. Pompeo*, No. 20-1263 (ABJ), 2021 WL 1246025, at *8 (D.D.C. Mar. 24, 2021) (finding delay of twenty-one months in adjudicating F-1 visa not unreasonable); *see also Rahman v. Blinken*, No. 22-2732 (JEB), 2023 WL 196428, at *4 (D.D.C. Jan. 17, 2023) (finding delay of eleven months in adjudicating F-1 visa not unreasonable). The time period for which Plaintiff Rezaei's application has been in administrative processing is well within the bounds of that which other courts have found reasonable.

Therefore, the Court finds that the first and second *TRAC* factors do not lend credence to Plaintiff's claim. As *TRAC* factor one is considered the "most important" factor, this finding weighs heavily in the Court's ultimate holding.

B. *TRAC* Factors Three & Five

The third and fifth *TRAC* factors are often considered together and require the Court to consider Plaintiff's interests, health, and welfare. *Ghadami v. U.S. Dep't of Homeland Sec.*, No. 19-00397 (ABJ), 2020 WL 1308376, at *9 (D.D.C. Mar. 19, 2020).

Plaintiff Rezaei explains that "he is in genuine and imminent danger of losing his assistantship position which comes with valuable rewards, experience, benefits, and a monthly stipend, the only potential means of providing for himself." Pl.'s Resp. at 4. He continues that "[g]iven that he has already deferred the start date, Plaintiff is at serious risk of an irretrievably loss of his position at the university which includes tuition remission, health insurance, and living

expenses, as well as a tremendous and valuable research opportunity." *Id.* The Court finds that factor five—regarding Plaintiff's interests—weighs in his favor, as he has demonstrated he is suffering real hardships related to his uncertain educational and professional future. *Cf. Shen*, 2021 WL 1246025, at *8; *Rahman*, 2023 WL 196428, at *4.

Plaintiff also alleges that he has experienced emotional and mental suffering as a result of this delay; specifically, he is "riddled with anxiety and is severely depressed as he is concerned that the past few years spent planning, studying, and working toward admission into a prestigious university will all have been in vain." Pls.' Resp. at 4. However, this falls short of the allegations of harm to health and welfare that are present in other cases in which courts have weighed factor three in a plaintiff's favor. *Telles v. Mayorkas*, No. 21-395 (TJK), 2022 WL 2713349, at *4 (D.D.C. July 13, 2022) (noting that the plaintiff's "expense, stress, and uncertainty" from inability to start new job until receiving EB-5 visa were "far from the allegations of health and welfare harm found in other cases" (internal quotation marks and citations omitted)); *compare with, Ghadami*, 2020 WL 1308376, at *9 (weighing third and fifth TRAC factors in favor of visa applicant who alleged that he was "irrevocably harmed" by separation from his children and wife due to government's delay in rendering a decision on whether he was entitled to waiver of immigration restrictions in Presidential Proclamation 9645); *Didban v. Pompeo*, 435 F. Supp. 3d 168, 177 (D.D.C. 2020) (CRC) (finding plaintiffs' interests in having their waiver application adjudicated were "undeniably significant" because they had "to endure a prolonged and indefinite separation, thereby forcing them to delay beginning their life as a married couple"). While the Court recognizes that Plaintiff Rezaei has an interest in swift adjudication of his visa application, especially as it is taking a toll on his mental health, "so too do many others facing similar circumstances." *Palakuru v. Renaud*, 521 F. Supp. 3d 46, 53 (D.D.C. 2021) (TNM).

As such, the third and fifth factors, on balance, do not weigh in favor of either party.

### C. *TRAC* Factor Four

Next, *TRAC* factor four requires an assessment of "the effect of expediting delayed action on agency activities of a higher or competing priority." *TRAC*, 750 F.2d at 80.

Granting Plaintiff Rezaei the relief he seeks would merely "reorder a queue of applicants seeking adjudication." *Tate v. Pompeo*, 513 F. Supp. 3d 132, 149 (D.D.C. 2021) (BAH). The D.C. Circuit has emphasized the importance of considering "competing priorities" in assessing the "reasonableness of an administrative delay"–even "refus[ing] to grant relief when all the other factors considered in *TRAC* favored it, where a judicial order putting the petitioner at the head of the queue [would] simply move[] all others back one space and produce[] no net gain." *Mashpee Wampanaoag Tribal Council, Inc.*, 336 F.3d at 1100 (quoting *In re Barr*, 930 F.2d 72, 75 (D.C. Cir. 1991)); *see also Ghadami*, 2020 WL 1308376, at *9 (finding that "expediting review in [the plaintiff's] case would merely direct government resources from the adjudication of other waiver applications"). Any such order would plainly interfere with the agency's "unique—and authoritative—position to view its projects as a whole, estimate the prospects for each, and allocate its resources in the optimal way." *In re Barr*, 930 F.2d at 76.

Courts in this jurisdiction, including *this* Court, routinely decline to grant relief that would place one prospective visa applicant ahead of others. *See, e.g.*, *Xiaobing Liu v. Blinken*, 544 F. Supp. 3d 1, 13 (D.D.C. 2021) (TJK) ("This factor not only favors Defendants, but ends up altogether dooming Plaintiffs' claims of unreasonable delay."); *Verma v. U.S. Citizenship and Immigr. Servs.*, No. 20-3419 (RDM), 2020 WL 7495286, at *9 (D.D.C. Dec. 18, 2020); *Dehghanighanatghestani v. Mesquita,* No. 22-2595 (CKK), 2022 WL 4379061, at *7 (D.D.C. Sept. 22, 2022); *Pushkar v Blinken*, No. 21-2297 (CKK), 2021 WL 4318116, at *7 (D.D.C. Sept. 23,

2021); *Desai v. U.S. Citizenship & Immigr. Servs.*, No. 20-cv-1005 (CKK), 2021 WL 1110737, at *7 (D.D.C. Mar. 22, 2021); *Manzoor v. USCIS*, No. 21-2126 (CKK), 2022 WL 1316427, at *5–*6 (D.D.C. May 3, 2022). The Court will now do the same here, finding that the fourth *TRAC* factor weighs strongly against Plaintiff.

### D. *TRAC* Factor Six

Finally, the sixth *TRAC* factor states that a "[c]ourt need not find any impropriety lurking behind agency lassitude in order to hold the agency action is unreasonably delayed." *Ghadami*, 2020 WL 1308376, at *9. The Court "must determine whether the agency has acted in bad faith in delaying action." *Gona v. U.S. Citizenship & Immigr. Servs.*, 20-3680 (RCL), 2021 WL 736810, at *5 (D.D.C. Feb. 25, 2021).

Here, Plaintiff has not alleged any bad faith on the part of Defendants. *See generally* Compl.; Pl.'s Resp. As *TRAC* directs, however, the lack of plausible allegations of impropriety does not weigh against Plaintiff Rezaei, and therefore does not alter the Court's analysis. *See Palakuru*, 2021 WL 674162, at *6 (considering the sixth TRAC factor "neutral" even though the plaintiff alleged that the government had engaged in "purposeful delay" and "artificially inflate[d] [] processing times").

* * *

Altogether the Court finds that, based on the Court's analysis under the *TRAC* factors, it is "patently obvious" that Plaintiff Rezaei cannot prevail on the facts alleged in his Complaint to make out a claim for unreasonable delay of his visa application. Plaintiff claims that "the current record is inadequate at this time to justify a *sua sponte* dismissal," Pl.'s Resp. at 8, but the above analysis indicates otherwise. Plaintiff also argues that the Court should not evaluate the *TRAC* factors "[w]ithout a justification, explanation, or defense for the agency's delay." Pl.'s Resp. at

7. However, Defendants' position would not change the relatively short length of delay (factor one), the lack of sufficient harm to health and welfare (factor three), nor the effect of expediting Plaintiff's visa application on other agency activity (factor four), all of which weigh heavily against Plaintiff. The Court therefore concludes that Plaintiff's Complaint shall be dismissed *sua sponte* for failure to state a claim under Rule 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, the Court shall shall *sua sponte* **DISMISS** Plaintiffs' [1] Complaint in its entirety. An appropriate order accompanies this Memorandum Opinion.

                                                              /s/
                                             COLLEEN KOLLAR-KOTELLY
                                             United States District Judge